# EXHIBIT A

# EXHIBIT A

RECEIVED
SEP 18 2015

SUMM

# District Court
## CLARK COUNTY, NEVADA

RICK WOOLWORTH, an individual;

    Plaintiff,

vs.

TRAILBOSS ENTERPRISES, INC., a corporation; DOES 1-10; and ROE Corporations 11-20, inclusive,

    Defendant.

Case No. A-15-723922-C
Dept. No. XXI

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set forth in the Complaint.

**TRAILBOSS ENTERPRISES, INC., c/o CSC SERVICES OF NEVADA, INC.**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

Christian Gabroy
Nevada Bar No. 8805
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

By: TERRI SBRGER  SEP 02 2015
    Deputy Clerk                      Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

*NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).

STATE OF _____ )
                                 ) ss:    **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the ____ day of _____, 2015 and served the same on the _____ day of _____, 2015 by:

(affiant must complete the appropriate paragraph)

1.  delivering and leaving a copy with the defendant at (state address)_____.
2.  serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3.  serving the defendant _____ by personally delivering and leaving a copy at (state address) _____.
    a.  with _____ as _____, an agent lawfully designated by statute to accept service of process;

    b.  with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.  personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

    _____ Ordinary mail
    _____ Certified mail, return receipt requested
    _____ Registered mail, return receipt requested

    addressed to the defendant _____ at the defendant's last known address which is (state address) _____.

    Executed this ____ day of _____, 20____.

                                      _____
                                      Signature of person making service

SUBSCRIBED AND SWORN to before me this

____ day of _____, 2015.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
09/01/2015 11:30:34 AM

CLERK OF THE COURT

COMP
GABROY LAW OFFICES
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
CHRISTIAN@GABROY.COM

*ATTORNEYS FOR PLAINTIFF*

DISTRICT COURT

EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA

| | |
|---|---|
| RICK WOOLWORTH, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TRAILBOSS ENTERPRISES, INC., a corporation; DOES 1-10; and ROE Corporations 11-20, inclusive,<br><br>Defendant. | Case No. A-15-723922-C<br>Dept.: XXI<br><br>COMPLAINT<br><br>(JURY DEMAND) |

## COMPLAINT AT LAW

COMES NOW Rick Woolworth ("Plaintiff" or "Woolworth"), by and through his attorney Christian Gabroy, Esq. of Gabroy Law Offices, and hereby alleges and complains against Defendant Trailboss Enterprises, Inc. ("Defendant" or "Trailboss") and states as follows:

### JURISDICTION AND VENUE

1.   This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

Page 1 of 7

2. Jurisdiction of this Court is based upon 29 U.S.C. § 630, et seq. and NRS Chapter 613.

3. Plaintiff demands a jury trial on all issues triable by jury herein.

### PARTIES

4. At all times relevant, Plaintiff was a resident of Clark County, Nevada.

5. At all times relevant, Defendant Trailboss was an employer as that term is defined by NRS 613.310(2), in that Defendant Trailboss had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

6. At all times relevant, Defendant Trailboss was an employer as that term is defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §630.

7. At all times relevant, Plaintiff was an individual residing in this judicial district.

8. At all times relevant, Plaintiff was a potential employee and/or employee of Defendant as that term is defined in the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §630.

9. Plaintiff is informed, believes, and thereon alleges that at all times relevant, Defendant Trailboss was incorporated in Nevada, listed with the Nevada Secretary of State, and was doing business in this Judicial District in Clark County, Nevada where the unlawful employment practices and wrongful actions complained herein occurred.

10. At all times relevant, Defendant Trailboss was an employer and was operating as a privately held government services contractor.

11. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does 1-10 and Roe

Corporations 11-20, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained. Plaintiff seeks a jury trial on all issues triable by jury.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 5, 2013. A true copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

13. Plaintiff timely amended his charge via letter dated November 14, 2013 to include that Plaintiff sent an e-mail to Defendant in which Plaintiff requested to speak to an equal employment opportunity ("EEO") counselor because Plaintiff was discriminated against because of his age. A true copy of Plaintiff's first amendment is attached hereto as Exhibit II. Such allegations of Exhibit II are hereby incorporated herein this Complaint.

14. On or about June 10, 2015, the EEOC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's Notice of Right to Sue attached hereto as Exhibit III.

## FACTUAL ALLEGATIONS

15. Plaintiff is a Master Sergeant with more than twenty years of experience in the aerospace ground equipment field.

16. At all times relevant, Plaintiff was older than forty years of age.

17. Defendant represents itself to the public that its "goal is to have the right person, in the right place, every time. When our customers have a need, we find someone with the right skills to meet their requirements."

18. On or about April 26, 2013, Plaintiff applied to work for Defendant. Plaintiff applied for Defendant's vacant Ground Support Equipment (GSE) servicer position.

19. On or about July 18, 2013, Plaintiff had an interview with agents of Defendant, the Project Manager, Mr. Gerald Ristow ("Ristow"), and Mr. Mark Simmons ("Simmons") in regards to the GSE position.

20. During his interview with Defendant, Simmons commented that Plaintiff "could do the job in [his] sleep."

21. When Plaintiff applied to work for Defendant on or about April 26, 2013 and when Plaintiff interviewed with Defendant, Plaintiff was fifty-one years old.

22. On or about August 8, 2013, Plaintiff called Defendant for an update on the status of his application. Defendant informed Plaintiff that he was not selected for the position.

23. Subsequently, Plaintiff applied for the Service Order Dispatcher position and the GSE Worker position with Defendant. Plaintiff was qualified for both positions. Defendant did not interview Plaintiff for such positions.

24. Ristow, an agent of Defendant, stated that Plaintiff "did not make the cut" for the GSE position because "the position was for a younger man."

25. Plaintiff became aware that Ristow, an agent of Defendant, stated that Plaintiff was not hired for the GSE position because of his age.

26. Defendant hired a younger individual who was less educated, had less

training, and was a flight line driver that had less experience than Plaintiff for the GSE position. During Plaintiff's employment with the air force, he trained new airmen how to perform flight line driving including but not limited to training in proper dispatching procedures.

27. Plaintiff informed Defendant that Ristow said that Plaintiff "did not make the cut because the position was for a younger man," and stated that he believed he was being discriminated against because of his age.

28. Plaintiff requested to speak with Defendant's EEO counselor. Subsequently, Plaintiff was informed that Defendant did not have an EEO counselor and an agent of Defendant referred Plaintiff to the human resources department.

29. At all times relevant, Plaintiff was qualified for the positions he applied for with Defendant and was able to perform the job duties for the relevant positions.

30. Plaintiff was a member of a protected group and was adversely affected in his prospective employment with Defendant.

31. Plaintiff was discriminated against and Defendant did not hire Plaintiff for a job position he was qualified for because of Plaintiff's age.

**FIRST CAUSE OF ACTION**
**AGE DISCRIMINATION - VIOLATION OF AGE DISCRIMINATION**
**IN EMPLOYMENT ACT – 29 U.S.C. §623 / NRS 613.330**

32. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 above as if fully incorporated herein.

33. Plaintiff was about 51 years old at the time that Defendant discriminated against him by failing to hiring him for a position in which Plaintiff was qualified.

34. At all times relevant, Plaintiff was qualified to work for Defendant as a GSE Servicer.

35. Defendant, by and through one or more of its agents and/or employees acting within the course of employment, subjected Plaintiff to discrimination because of Plaintiff's age. After Plaintiff applied and interviewed for the GSE Servicer position with Defendant, Ristow stated that Plaintiff "did not make the cut" and/or was not selected for the position because the position was for "a younger man."

36. Plaintiff was discriminated against by Defendant, by and through one or more of its agents and/or employees acting within the course of employment, by failing to hire Plaintiff for the GSE Servicer position and stating that the position was for a younger man.

37. Defendant, by failing to hire Plaintiff for the GSE Servicer position willfully engaged in discriminatory practices because of Plaintiff's age with malice or reckless indifference to Plaintiff's federally protected rights.

38. This discriminatory conduct was sufficiently severe or pervasive as to deprive Plaintiff of employment opportunities in violation of 29 U.S.C. §623 and/or NRS 613.330.

39. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act and/or NRS 613.330, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

40. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

41. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass, or humiliate Plaintiff and thus Plaintiff is entitled to

punitive damages, in excess of Ten Thousand Dollars ($10,000.00), with respect to his age discrimination claim, if appropriate, against the Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $10,000.00;

2. For special damages in excess of $10,000.00;

3. For consequential damages in excess of $10,000.00;

4. For punitive damages in excess of $10,000.00;

5. Such other and further relief as the Court may deem just and proper.

DATED this _1st_ day of September 2015.

GABROY LAW OFFICES

By _____
Christian Gabroy, Esq.
Ivy Hensel, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson Nevada 89012
*Attorneys for Plaintiff*

# EXHIBIT I

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
[ ] FEPA
[X] EEOC

Agency(ies) Charge No(s): 487-2013-01151

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

| | | |
|---|---|---|
| Name (indicate Mr., Ms., Mrs.) **Ricky Woolworth** | Home Phone (Incl. Area Code) | Date of Birth **11-17-1961** |

Street Address: [redacted]
City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TRAILBOSS ENTERPRISES INC** | 500+ | (877) 338-8243 |

Street Address: **201 E 3rd Ave, Anchorage, AK 99501**

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **08-08-2013**
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about April 26, 2013, I applied for the vacant Ground Support Equipment (GSE) servicer position. On or about July 18, 2013, I had an interview with Mr. Ristow (Project Manager) for the position. A few weeks passed and I had not heard anything so on or about August 8, 2013, I called for a status update and I was advised that I simply was not selected.

II. No reason was ever given to me for the denial of hire.

III. I believe I have been discriminated against due to my age 51, (dob: 11-17-1961), which is in violation of The Age Discrimination in Employment Act of 1967, as amended.

NOV 05 2013

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 05, 2013 — *Charging Party Signature*

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT II

Rick Woolworth



EEOC
333 Las Vegas Blvd, Suite 8112
Las Vegas, NV 89101

14 November 2013

Per guidance from my lawyer, Charge number 487-2013-0115 should be amended to add two documents.

Page 1 is the email I sent to Trailboss on 8 August, 2013 after Mr. Smith informed me he had spoken to Mr. Ristow (Project manager who interviewed me) in regards to me interviewing for the Servicer position. Mr. Ristow told Mr. Smith "I did not make the cut and the position was for a younger man." I informed Trailboss that Mr. Ristow had made the comment and that I wanted to speak with their EEO counselor and was considering legal action against their company since I had been discriminated against based on my age. I was informed during a follow-up phone call to Trailboss they did not have an EEO counselor. The receptionist I spoke to before she transferred me to HR did not know what EEO was.

Page 2 is the response letter I received from Trailboss on 15 August, 2013 in regards to my email. The HR generalist stated I was not hired because I had been out of Aerospace Ground Equipment (AGE) too long regardless of my qualifications. I am highly qualified for the three positions I applied for but was only selected to interview for the Ground Support Equipment Servicer position. She never addressed the comment Mr. Ristow made regarding my age. I am confident I would not have received a reason for my non-selection if I had not emailed the company and charged them with age discrimination.

These documents were not presented initially when I interviewed with the EEOC because I did not think they were relevant. Bullet II on the Charge states No reason was ever given to me for the denial of hire. I stated that during my interview because the only person I called and asked if I had been selected was Mr. Ristow who told me I was not selected and never gave a reason why. I want the facts to be told accurately and do not want to be discredited. Mr. Ristow made the comment regarding my age which resulted in me not being selected to work for Trailboss.

Thank you,

Rick Woolworth

# EXHIBIT III

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Ricky Woolworth | From: Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2013-01151 | Michael L. Mendoza, Investigator | (702) 388-5057 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Amy Burkholder,_
Local Office Director

JUN 1 0 2015
(Date Mailed)

Enclosures(s)

cc:
TRAILBOSS ENTERPRISES, INC.
Human Resources Director
201 E 3rd Ave
Anchorage, AK 99501

GABROY LAW OFFICES
Christian Gabroy, Esq.
170 S. Green Valley Pkwy., Suite 280
Suite 280
Henderson, NV 89012

```
 1  IAFD
    Gabroy Law Offices
 2  Christian Gabroy (#8805)
    Ivy Hensel (#13502)
 3  The District at Green Valley Ranch
    170 South Green Valley Parkway, Suite 280
 4  Henderson, Nevada 89012
    Tel    (702) 259-7777
 5  Fax    (702) 943-1936
    christian@gabroy.com
 6  Attorneys for Plaintiff
 7
                      DISTRICT COURT
 8
                  CLARK COUNTY, NEVADA
 9
10  RICK WOOLWORTH, an individual;         Case No.
11                                         Dept.
               Plaintiff,
12  vs.
                                           Initial Appearance Fee Disclosure
13  TRAILBOSS ENTERPRISES, INC., a
    corporation; DOES 1-10; and ROE
14  Corporations 11-20, inclusive,
15
16             Defendant.
17
18
    Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-
19
    captioned action as indicated below:
20
21       Rick Woolworth, Plaintiff                              $270.00
22       TOTAL REMITTED                                         $270.00
23
24    Dated this 1st day of September 2015.
25
26
27
```

Page 1 of 2

GABROY LAW OFFICES.

By: /s/ Christian Gabroy
Christian Gabroy (#8805)
Ivy Hensel (#13502)
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com

# DISTRICT COURT CIVIL COVER SHEET A-15-723922-C
Clark County, Nevada

Case No. _____  XXI
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone) |
|---|---|
| RICK WOOLWORTH | TRAILBOSS ENTERPRISES INC., a corporation; |
| | DOES 1-10; and ROE Corporations 11-20 inclusive |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

09/01/2015
Date

Signature of initiating party or representative

*See other side for family-related case filings.*