Dora V. Lane, Esq.
Nevada Bar No. 8424
dlane@hollandhart.com
Deanna C. Brinkerhoff, Esq.
Nevada Bar No. 11066
dcbrinkerhoff@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICK WOOLWORTH, an individual<br><br>Plaintiff,<br><br>v.<br><br>TRAILBOSS ENTERPRISES, INC., a corporation DOES 1-10; and ROE Corporations 11-20, inclusive<br><br>Defendant. | CASE NO.: 2:15-cv-01916-GMN-NJK<br><br>**DEFENDANT TRAILBOSS ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Trailboss Enterprises, Inc. ("Trailboss" or "Defendant") hereby answers the Complaint of Plaintiff Rick Woolworth ("Woolworth" or "Plaintiff") as follows:

### JURISDICTION AND VENUE

1. Defendant admits that this case has been brought under state and federal laws prohibiting unlawful employment actions, but denies that any unlawful employment actions, denies that Plaintiff incurred any damages, and denies that Plaintiff was deprived of any rights under these laws.

2. Defendant admits that this Court has jurisdiction over this matter. Defendant denies that 29 U.S.C. § 630, *et seq.* or NRS Chapter 613 were violated.

3. Defendant admits that the caption of Plaintiff's Complaint contains the words "Jury Demand".

///

## PARTIES

4. Defendant lacks information and knowledge as to the allegations of paragraph 4 of the Complaint and therefore denies the same.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant lacks information and knowledge as to the allegations of paragraph 7 of the Complaint and therefore denies the same.

8. Defendant denies that Plaintiff was an employee of Defendant as that term is defined in the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630. Defendant also denies that Plaintiff was a "potential employee" of Defendant as that terms is defined in 29 U.S.C. § 630, because that statute does not contain a definition of "potential employee".

9. Defendant admits that it is listed with the Nevada Secretary of State and was doing business in Clark County, Nevada. Defendant denies the remaining allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant lacks information and knowledge as to the allegations of paragraph 12 of the Complaint and therefore denies the same. To the extent the Complaint incorporates by reference any allegations contained in Exhibit II to the Complaint, Defendant denies that any unlawful employment practices occurred.

13. Defendant lacks information and knowledge as to the allegations of paragraph 13 of the Complaint and therefore denies the same. To the extent the Complaint incorporates by reference any allegations contained in Exhibit III to the Complaint, Defendant denies that any unlawful employment practices occurred.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Defendant lacks information and knowledge as to the allegations of paragraph 15 of the Complaint and therefore denies the same.

16. Defendant lacks information and knowledge as to the allegations of paragraph 16 of the Complaint and therefore denies the same.

17. Defendant admits the allegations of paragraph 17 of the Complaint.

18. Defendant admits the allegations of paragraph 18 of the Complaint.

19. Defendant admits the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant lacks information and knowledge as to the allegations of paragraph 21 of the Complaint and therefore denies the same.

22. Defendant admits the allegations of paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff applied for the Service Order Dispatcher and GSE Worker positions, but denies that Plaintiff applied for those positions subsequent to August 8, 2013. Defendant admits that Plaintiff was not interviewed for such positions. Defendant denies the remaining allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of the first sentence of paragraph 26 of the Complaint. Defendant lacks information and knowledge as to the allegations of the second sentence of paragraph 26 of the Complaint and therefore denies the same.

27. Defendant admits that Plaintiff informed Defendant that he believed he was being discriminated against because of his age, but denies that any age discrimination occurred. Defendant denies that Plaintiff informed Defendant that Ristow allegedly said that Plaintiff "did not make the cut because the position was for a younger man".

28. Defendant lacks information and knowledge as to the allegations of the first sentence of paragraph 28 of the Complaint and therefore denies the same. Defendant admits that an agent of Defendant referred Plaintiff to the human resources department. Defendant denies the remaining allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

30. Defendant lacks information and knowledge as to whether Plaintiff was a member of a protected group and therefore denies this allegation of paragraph 30 of the Complaint. Defendant admits that Plaintiff was adversely affected in his prospective employment with Defendant, in that Defendant admits Plaintiff was not hired.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

## FIRST CAUSE OF ACTION

## AGE DISCRIMINATION – VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT – 29 U.S.C. § 623 / NRS 613.330

32. Defendant admits and denies the allegations in paragraphs 1-31 of the Complaint as set forth above.

33. Defendant lacks information and knowledge as to Plaintiff's age and therefore denies the allegations of paragraph 33 of the Complaint regarding Plaintiff's age. Defendant denies the remaining allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

## PRAYER FOR JUDGMENT

Defendant is not required to respond to Plaintiff's prayer for judgment. However, to the extent Plaintiff's prayer asserts allegations against Defendant, Defendant denies each and every allegation in Plaintiff's prayer.

WHEREFORE, Defendant respectfully asks this Court:

1. For Judgment decreeing that Plaintiff is entitled to recover nothing by way of his Complaint and that the Complaint be dismissed with prejudice;

2.      For an award of attorneys' fees and costs of suit incurred herein; and

3.      For such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

1.      Any actions taken concerning the Plaintiff were done for legitimate, and non-discriminatory, non-retaliatory, business reasons.

2.      Defendant alleges upon information and belief that Plaintiff has failed to mitigate his alleged damages. Defendant further alleges Plaintiff's misconduct with subsequent employers limits his economic and compensatory damages.

3.      Any and all actions taken by Defendant were based on reasonable factors other than age.

4.      Plaintiff failed to exhaust his administrative and/or statutory remedies.

5.      Defendant took reasonable steps to prevent discrimination and/or retaliation from occurring.

6.      Plaintiff has failed to state his claim for special damages with the requisite specificity.

7.      If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant, Defendant is not liable under concepts of Respondeat Superior, nor is Defendant vicariously liable.

8.      If Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries, and/or social security payments, received by Plaintiff.

9.      Any and all actions taken by Defendant were justified by after-acquired evidence and Plaintiff's recovery is limited and/or barred by after-acquired evidence.

10.     Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages.

11.     Any acts or omissions attributed to Defendant in Plaintiff's Complaint were not willful in that Defendant did not know or show reckless disregard for whether its conduct violated

the ADEA, and, thus, the applicable statute of limitations under the ADEA is two years and Plaintiff is not entitled to liquidated damages.

12. There is no allegation or proof of intent or recklessness on behalf of Defendant.

13. Defendant alleges that assuming <u>arguendo</u> discrimination and/or retaliation occurred, Defendant took immediate and appropriate corrective action to stop any such alleged discrimination and/or retaliation.

14. Any discriminatory behavior was beyond the scope of agency.

15. Plaintiff's claims are barred by the doctrine of unclean hands.

16. Plaintiff's claims are barred due to fraud.

17. Defendant exercised reasonable care to prevent and promptly correct any harassing, discriminatory, and/or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

18. Plaintiff's Complaint and each cause of action asserted therein, are barred by the affirmative defenses set forth at FRCP 8(c) and any other applicable affirmative defense not specifically set forth herein.

19. Because the Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses.

DATED this 7th day of October, 2015.

By: /s/ Dora V. Lane
Dora V. Lane, Esq.
Nevada Bar No. 8424
Deanna C. Brinkerhoff, Esq.
Nevada Bar No. 11066
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2015, a true and correct copy of the foregoing **DEFENDANT TRAILBOSS ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** was served on counsel through the Court's electronic service system as follows:

**Electronic Service:**

Christian Gabroy, Esq.
Ivy Hensel, Esq.
GABROY LAW OFFICE
The District of Green Valley Ranch
170 South Green Valley Parkway, Ste. 280
Henderson, Nevada 89012
Email: Christian@gabroy.com

*Attorneys for Plaintiff*

_____
An Employee of Holland & Hart LLP

8096955_1